UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARLOS CLARK,                                  Case No. 1:16-cv-547
        Plaintiff,

                                               Black, J.
        vs.                                    Litkovitz, M.J.


DANIEL BURKE, et al.,                          REPORT AND
        Defendants.                            RECOMMENDATION


        Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF"), brings this

prisoner civil rights action under 42 U.S.C. § 1983 alleging that defendants, SOCF employees

Correctional Officers Daniel Burke and J. Ewen, used excessive force against him and were

deliberately indifferent to his medical needs. (Doc. 3). This matter is before the Court on

defendants' motion to dismiss (Doc. 10), plaintiff's motion to amend the complaint (Doc. 14),

plaintiff's response in opposition to defendants' motion to dismiss (Doc. 17), plaintiff's

"(Amended) Claim Form (Revised)" (Doc. 18), and defendants' motion to dismiss the claims set

forth in plaintiff's "(Amended) Claim Form (Revised)" (Doc. 19).

**I. Background**

        Plaintiff's pro se complaint alleges the following:

        On December 19, 2015, SOCF Officer Burke observed a suspicious bulge under

plaintiff's shirt as plaintiff was returning to his cell from lunch. (Doc. 3, PageID #: 39). Officer

Burke searched plaintiff and found six potatoes, a bag of coffee, a bar of soap, and an embossed

envelope. Officer Burke confiscated several contraband items and informed plaintiff he would

need to produce a receipt to regain several of the items. Officer Burke then gave plaintiff a

direct order to return to his cell. En route to his cell, plaintiff told Officer Burke, "Ya'll two on

some real bitch ass shit today." (*Id.*). Upon hearing this, SOCF Officer Ewen ordered plaintiff

to turn around and come to him. Plaintiff states he followed this command. He then noticed

Officer Burke had "O.C. spray" (pepper spray) in his hand. (*Id.*). Plaintiff states that "[i]n

paranoia" he ran from the officers while they began to spray him with pepper spray. (*Id.*). As

Officer Ewen advanced, plaintiff swung a trash can at him and struck Ewen with a closed fist.

(*Id.*). Plaintiff states that he was "leveled" to the ground, with his head slammed into the floor.

He was then "handcuffed when the C/O continued to spray me in the face with O.C. spray and

kicked me several times in the face as well." (*Id.* at PageID #: 40). Plaintiff yelled at the

officers to stop because he was hurt. The officers then took plaintiff to the medical unit.

Plaintiff states as a result of the altercation, he suffered bleeding to his nose and mouth, swelling

to his eyes, and "blood shot" eyes.

Plaintiff alleges that Officers Burke and Ewen used excessive force against him when

they continued to spray him with pepper spray and kick him in the face while he was already

subdued, handcuffed, and lying on the ground. Plaintiff also alleges that the officers were

deliberately indifferent to his medical needs. He states that "even though the[y] took plaintiff to

medical they refused to ensure that the medical staff administered the proper medical attention to

was[h] off the pepper/O.C. spray." (*Id.* at PageID #: 41). Plaintiff has also attached to his

complaint the Rules Infraction Board ("RIB") Disposition and Conduct Reports relating to the

incident. Plaintiff alleges the officers' conduct reports are inconsistent and prove that plaintiff

was "spitting up blood due to the attack." (*Id.* at PageID #: 45, 46-63). Based on these

allegations, plaintiff brings claims for money damages pursuant to 42 U.S.C. § 1983 for

violations of his Eighth Amendment constitutional rights.

**II. Plaintiff's motion to amend the complaint (Doc. 14)**

Plaintiff seeks to amend the complaint to clarify the relief he is seeking.  Plaintiff alleges he seeks $300,000 in damages, i.e., $150,000 from each defendant.  (Doc. 14 at PAGEID #: 101).  For good cause shown, the Court grants plaintiff's motion to amend the complaint.

**III. Plaintiff's "(Amended) Claim Form (Revised)" (Doc. 18) and defendants' motion to dismiss the claims set forth in plaintiff's "(Amended) Claim Form (Revised)" (Doc. 19)**

The Court construes plaintiff's "(Amended) Claim Form (Revised)" as a motion to supplement his response to defendants' motion to dismiss and not as an amended complaint. (Doc. 18).  Plaintiff essentially reiterates the allegations of his complaint and the relief he seeks and references the sources of evidence for his claims (video cameras and potential witnesses). For good cause shown (Doc. 18 at PAGEID #: 120), the Court grants the motion to supplement.

Defendants' motion to dismiss the claims set forth in plaintiff's "(Amended) Claim Form (Revised)" (Doc. 19) should be ~~denied~~ as moot.  Defendants state that in the event the Court construes plaintiff's "(Amended) Claim Form (Revised)" as a supplemental response in opposition to the original motion to dismiss, as opposed to an amended complaint, defendants rely on the arguments contained in their original motion to dismiss.  (Doc. 19 at PAGEID #: 122-23).  The Court will thus consider the arguments set forth in defendants' original motion to dismiss.

**IV. Defendants' motion to dismiss the complaint (Doc. 10)**

Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground the complaint fails to state a claim upon which relief can be granted.  (Doc. 10). Defendants contend that:  (1) the Eleventh Amendment bars plaintiff's official capacity claims against defendants; (2) plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)

and its progeny; and (3) defendants are entitled to qualified immunity because plaintiff's complaint fails to state a claim for relief under the Eighth Amendment.

### A. Rule 12(b)(6) standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), under Fed. R. Civ. P. 8(a)(2), "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court explained in *Iqbal*: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks, citations, and alterations omitted).

Pursuant to *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In reviewing a complaint, the Court is guided by the following principles: First, the general rule that the court must accept as true all allegations in the complaint "is inapplicable to legal conclusions." *Id.* This means that conclusory recitals of the elements of a claim, including legal conclusions couched as factual allegations, "do not suffice." *Id.* at 678-79 ("[Rule 8] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

4

A pro se litigant's filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers").

**B. Plaintiff's claims against the defendants in their official capacities should be dismissed.**

Plaintiff's complaint fails to state a claim upon which relief may be granted to the extent that plaintiff seeks to hold defendants Burke and Ewen liable under § 1983 in their official capacities. The Eleventh Amendment does not bar § 1983 individual-capacity suits against state officials, who may be held personally liable for actions taken as part of their official duties that deprive a person of his constitutional rights. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991). However, by the same token, it is well-settled that state officials, sued for monetary relief in their official capacities, are not "persons" within the meaning of § 1983. *Id.* at 25-26 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). As the Supreme Court has explained, "[a]lthough 'state officials literally are persons,' an official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is not different from a suit against the State itself.'" *Id.* at 26 (quoting *Will*, 491 U.S. at 71). Therefore, because the Eleventh Amendment bars suits for money damages against the State, it also bars suits against state employees sued in their official, as opposed to individual, capacities. *See Will*, 491 U.S. at 66-71; *see also Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). Accordingly, any claims brought against defendants Burke and Ewen in their official capacities are barred by the Eleventh Amendment and should be dismissed.

5

**C.** *Heck v. Humphrey* **does not bar plaintiff's claims in this case.**

Defendants contend that plaintiff's claims are barred under the *Heck* doctrine.  In *Heck*,

the Supreme Court held that "to recover damages for allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus. . . ."  512 U.S. at 486-87.  Where a judgment in favor of

the plaintiff would necessarily imply the invalidity of his conviction or sentence, his § 1983

claim is not cognizable unless the plaintiff can show the conviction or sentence has been set

aside. *Heck*, 512 U.S. at 487.  Defendants argue that *Heck* applies to prison disciplinary

convictions and bars a prisoner's § 1983 claim where a favorable outcome on such claim

would imply the invalidity of a related prison disciplinary conviction.  (Doc. 10 at 6, citing

*Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004); *Ruiz v. Martin*, 72 F. App'x 271,

274-74 (6th Cir. 2003)).  Defendants contend that a judgment in plaintiff's favor on his

excessive use of force claim in this case would necessarily imply his RIB conviction, which is

based on the altercation with defendants, is invalid so that his claim is barred by *Heck*.  (Doc.

10 at 6-7).

*Heck* does not bar plaintiff's claims in this case.  *Heck* is not automatically implicated by

a suit that impacts a conviction in a prison disciplinary proceeding, absent evidence that the

disciplinary conviction affected the fact or duration of a prisoner's underlying sentence. *See*

*Muhammad v. Close*, 540 U.S. 749, 751-52 (2004) (per curiam).  The Supreme Court explained

in *Muhammad* that "[t]he assumption is that the incarceration that matters under *Heck* is the

6

incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules." *Id.* at 751 n. 1. The Supreme Court subsequently concluded that the term "sentence" as used in *Heck* referred to "substantive determinations as to the length of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005). Thus, where success in a prisoner's § 1983 action would not necessarily affect the duration of his underlying sentence or imply immediate or speedier release from confinement, the action is not barred by *Heck* and its progeny. *Id.* at 82; *Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011); *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007).[1]

In the instant case, the complaint does not allege that plaintiff's RIB conviction impacted the duration of his confinement. On its face, the RIB decision indicates that only the conditions of plaintiff's confinement and not the length of plaintiff's sentence were affected by plaintiff's RIB conviction. Plaintiff received 15 days of disciplinary control placement and recommendations for local control placement and a security level increase. (*See* Doc. 3, at PAGEID #: 48). While defendants generally assert that an RIB conviction can impact the duration of confinement under Ohio law[2], they have not produced any evidence showing that plaintiff's RIB conviction actually impacted the duration of his confinement. Therefore, any collateral attack on the RIB conviction through this lawsuit does not necessarily imply that plaintiff's continued confinement or imprisonment is invalid. Accordingly, defendants' argument that plaintiff's claims are *Heck*-barred should be rejected.

---

[1] The unreported Sixth Circuit cases cited by defendants in support of their argument rely on Sixth Circuit precedent that predates and was disavowed by the Supreme Court in *Muhammad*. *See Muhammad*, 540 U.S. at 754 (citing *Huey v. Stine*, 230 F.3d 226 (6th Cir. 2000)).

[2] *Norris v. Reinbold*, No. 5:15cv721, 2013 WL 6277021 (N.D. Ohio Dec. 4, 2013), cited by defendants (Doc. 10 at 7), is inapposite. The loss of good time credits in *Norris* was based on state court judgment entries, and not a prison disciplinary conviction as in the instant case. Defendants also cite to "R.C. 5120-2-07(c)(1)" and "R.C. 5120-2-06" (Doc. 10 at 7), but these provisions that do not appear in the Ohio Revised Code.

**D. Defendants are not entitled to qualified immunity on plaintiff's excessive use of force claim at this juncture.**

Defendants contend they are entitled to qualified immunity on plaintiff's excessive use of force claim because plaintiff's complaint fails to state a claim for relief under the Eighth Amendment. Defendants allege that their actions, as plaintiff describes them, "were a direct response to the serious prison disturbance created by [p]laintiff when he punched an officer in the face, fled from them, and physically resisted their restraint." (Doc. 10 at 12, citing *Parris v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986)).

The Eighth Amendment prohibition against cruel and unusual punishment governs an inmate's claim of excessive force. *Whitley v. Albers,* 475 U.S. 312, 327 (1986). *See also Pelfrey v. Chambers*, 43 F.3d 1034, 1036-37 (6th Cir. 1995); *Cornwell v. Dahlberg*, 963 F.2d 912, 915-916 (6th Cir. 1992). An Eighth Amendment claim has both an objective and subjective component. *Santiago v. Ringle,* 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001)). The "core judicial inquiry" whenever a prison official stands accused of using excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)). Excessive force claims must focus "on the nature of the force rather than the extent of the injury. . . ." *Id.* at 34. In making this inquiry, the Court must consider the need for the use of force; the relationship between that need and the type and amount of the force used; the threat reasonably perceived by the official; and the extent of the injury inflicted. *Hudson,* 503 U.S. at 7; *Whitley,* 475 U.S. at 319-321. The Eighth Amendment does not prohibit a *de minimis* use of force "provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson,* 501 U.S. at 10.

8

An inmate may suffer a violation of his Eighth Amendment rights even though he did not suffer a serious injury at the hands of corrections officers. *Hudson*, 501 U.S. at 9-10. The degree of injury suffered by an inmate is one factor that may suggest "whether the use of force could plausibly have been thought necessary" in a particular situation, "or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321. "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 559 U.S. at 38. For example, a guard who needlessly beats a handcuffed, submissive prisoner causing bruises, swelling, loosened teeth, and a cracked dental plate inflicts injuries that are more than *de minimis* for Eighth Amendment purposes. *Hudson*, 501 U.S. at 10. *See also Moore v. Holbrook*, 2 F.3d 697 (6th Cir. 1993).

In this case, construing the facts alleged by plaintiff in the light most favorable to him as the Court must do on a motion to dismiss, plaintiff's complaint states a claim for relief under the Eighth Amendment for an excessive use of force. Plaintiff admits that he ran from the officers, swung a garbage can at one of them, and punched Officer Ewen in the face as he attempted to avoid the officers' use of OC spray. Plaintiff pled guilty to the disciplinary infractions resulting from these actions and was disciplined accordingly. However, the gravamen of plaintiff's excessive use of force claim stems from what happened to plaintiff after he was handcuffed and on the ground, and not the actions which form the basis of his RIB conviction. Plaintiff's complaint alleges that "while he was already subdued, and handcuffed while laying (sic) on the ground," defendants continued to spray him with OC spray and repeatedly kicked him in the

face.  Plaintiff alleges that as a result of the incident, he spit up blood and suffered a bloody nose, bloody mouth, and swollen eyes.  He alleges that a single take down to the floor, as defendants allege in their conduct reports, would not result in the extent of physical injuries he suffered. Even if plaintiff was the aggressor in the incident leading up to the disciplinary charges and conviction, plaintiff states a plausible claim for relief for excessive use of force concerning defendants' actions *after* the apparent need for force had subsided.  *See Cordell v. McKinney*, 759 F.3d 573, 585-86 (6th Cir. 2014) (slamming a handcuffed and controlled prisoner headfirst into a concrete wall does not comport with human decency); *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (reversing dismissal of prisoner's claim of excessive force where prisoner disputed any force was needed once he was on the floor and not resisting officers); *Schreiber v. Moe*, 596 F.3d 323, 332 (6th Cir. 2010) ("striking a neutralized suspect who is secured by handcuffs is objectively unreasonable").  *See also Mitchell v. Craft*, No. 1:12-cv-943, 2015 WL 4743045 (S.D. Ohio Aug. 10, 2015) (Black, J.).  The complaint alleges that defendants repeatedly pepper-sprayed and struck plaintiff in the face after he was restrained and subdued and the threat of danger had subsided.  Defendants' actions, if true, suggest that the amount of force the correctional officers used was unnecessary and not applied in a good faith effort to maintain or restore discipline, but rather to cause harm.  *Hudson,* 501 U.S. at 7.  At this juncture, plaintiff has alleged sufficient facts to date stating a plausible claim for relief for the excessive use of force under the Eighth Amendment.

Defendants are not entitled to qualified immunity on plaintiff's Eighth Amendment excessive use of force claim.  Government officials performing discretionary functions are generally shielded from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted).  "In determining whether qualified immunity applies, the court employs a two-part test, asking (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (citations and quotation and alteration marks omitted).  As discussed above, plaintiff's complaint states a plausible claim for relief under the Eighth Amendment.  In addition, it is clearly established that "[a]n unprovoked application of force to a handcuffed and shackled prisoner would violate clearly established law under the Eighth Amendment."  *Johnson v. Perry*, 106 F. App'x 467, 469 (6th Cir. 2004) (citing *Pelfrey*, 43 F.3d at 1037).  Accordingly, defendants' request for qualified immunity on plaintiff's excessive use of force claim should be denied.

**E.  The Court should sua sponte dismiss plaintiff's claim of deliberate indifference to his medical needs against defendants.**

In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Comstock v. McCraty*, 273 F.3d 693, 702 (6th Cir. 2001).  Plaintiff must allege facts showing that the "alleged mistreatment was objectively serious," and that prison officials "subjectively ignored the risk to the inmate's safety." *Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013) (citing *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011)).  Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle,* 429 U.S. at 106.  Allegations of negligence in diagnosing or treating medical conditions are not

actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).

In this case, plaintiff alleges that defendants Burke and Ewen were deliberately indifferent to his medical needs following their altercation with plaintiff. He alleges that "even though the[y] took plaintiff to medical they refused to ensure that the medical staff administered the proper medical attention to was[h] off the pepper/O.C. spray." (Doc. 3 at PAGEID #: 41).

Plaintiff's complaint fails to state a deliberate indifference claim under the Eighth Amendment. Plaintiff has alleged no facts whatsoever showing that defendants Burke and Ewen had any control or authority over the medical staff or somehow influenced the medical staff in its treatment of plaintiff. Moreover, even assuming plaintiff's medical condition was serious, he has not alleged facts showing what treatment he received, how that treatment was inadequate, or what treatment he thinks he should have received. Plaintiff's alleged disagreement over the type of medical care administered amounts to nothing more than a difference of opinion on the appropriateness of his medical treatment, which is not actionable under the Eighth Amendment. *Rhinehart*, 509 F. App'x at 513-14 (citing *Westlake*, 537 F.2d at 860 n.5). Where a "prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments.'" *Alspaugh*, 643 F.3d at 169 (quoting *Westlake*, 537 F.2d at 860 n. 5). In such cases, the medical treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a constitutional claim under § 1983. *Id.* The facts alleged by plaintiff are insufficient to state a claim for deliberate indifference to a

12

serious medical need under the Eighth Amendment.  Therefore, this claim against defendants

should be sua sponte dismissed.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. §

1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b) (court must dismiss prisoner case "at any time" if

court determines that the action fails to state a claim for relief).

## IT IS THEREFORE ORDERED:

1.  Plaintiff's motion to amend the complaint (Doc. 14) is **GRANTED**.

2.  Plaintiff's "(Amended) Claim Form (Revised)" (Doc. 18) is construed as a motion to

supplement the response to defendants' motion to dismiss and is **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss plaintiff's claims against defendants in their official capacities
(Doc. 10) be **GRANTED**.

2.  Defendants' motion to dismiss plaintiff's excessive use of force claim against defendants in
their individual capacities (Doc. 10) be **DENIED**.

3. Defendants' motion to dismiss the claims set forth in plaintiff's "(Amended) Claim Form
(Revised)" (Doc. 19) be **DENIED** as moot.

4.  The Court sua sponte **DISMISS** for failure to state a claim for relief plaintiff's deliberate
indifference to medical needs claim.


Date: 1/10/17

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CARLOS CLARK,                                          Case No. 1:16-cv-547
    Plaintiff,

                                              Black, J.
    vs.                                                Litkovitz, M.J.

DANIEL BURKE, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).