# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CARLOS C. CLARK,<br>    Plaintiff, | Case No. 1:16-cv-547<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| DANIEL BURKE, et al.,<br>    Defendants. | **ORDER** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), who is proceeding pro se and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on plaintiff's motion to compel discovery under Fed. R. Civ. P. 37(a) (Doc. 35), defendants' response in opposition to the motion to compel (Doc. 36), and plaintiff's reply (Doc. 43), and plaintiff's motions for leave to file discovery documents with the Court (Docs. 40, 41).

Plaintiff seeks to compel defendants Daniel Burke and Jamie Ewen, correctional officers at Warren Correctional Institution (WCI) where plaintiff was incarcerated at the time of the alleged use of excessive force giving rise to the complaint, to produce "Photo Pouch No. DHQ0801-20594." (Doc. 35 at 1). Defendants oppose plaintiff's motion to compel because they allege this item is not in their custody or control. (Doc. 36). They indicate that the Ohio State Highway Patrol has possession of the item as shown by the "Investigative Notes" attached to the "Report of Investigation" the Highway Patrol prepared after investigating WCI's report of the incident. (*See* Doc. 30 at 5). Defendants allege that plaintiff should know that the Highway Patrol has the item in its possession because plaintiff attached the Investigative Notes to a subpoena he issued to Trooper Joshua N. Barker, the author of the Report of Investigation,

and filed with the Court. (Doc. 30). Defendants further assert that plaintiff has not included with his motion to compel a certification that he made a good faith effort to resolve this discovery dispute without Court action. In reply, plaintiff alleges that defendants are either withholding the photos or they were "recklessly" destroyed after the Highway Patrol turned them over to defendants. (Doc. 43). Plaintiff asks the Court for leave to file exhibits that allegedly show the photos were attached to the Investigative Notes but the document was mailed to him without the photos as well as additional discovery. (*Id*.; *see* Doc. 40).

Motions to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a) (1). Further, S.D. Ohio Civ. R. 37.1 governs the process of seeking discovery in civil matters in this District. The Rule provides that motions to compel, such as the instant motion, "shall not be filed in this Court . . . unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences." S.D. Ohio Civ. R. 37.1. An individual is not excused from adhering to the requirements of the Federal Rules of Civil Procedure or the Local Rules for this District simply because he is proceeding pro se. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (noting that pro se litigants may receive some leniency with regard to procedural rules, particularly where a procedural error could be fatal or where the litigant is incarcerated, but emphasizing that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Plaintiff has not shown that he complied with the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff's motion does not include the necessary certification

2

that he conferred or attempted to confer with defendants' counsel about the instant discovery dispute prior to filing his motion to compel with the Court. Nor does plaintiff assert in his motion that he has made extrajudicial efforts to resolve the discovery dispute. Had plaintiff conferred with defendants' counsel, he likely would have been able to resolve this discovery dispute without filing a motion. Defendants have represented to the Court that they do not have the item plaintiff seeks in their possession or control over the item. Defendants cannot produce something that they do not have possession of or control over. Accordingly, the Court must deny plaintiff's motion to compel.

The Court will also deny plaintiff's motions to file discovery documents with the Court. (Docs. 40, 41). Insofar as plaintiff seeks to file exhibits to support his motion to compel, the exhibits he has attached to his first motion to file discovery documents do not support his motion to compel. The exhibits do not call into doubt defendants' assertions that they do not have the photos plaintiff has requested in their possession or control. (*See* Doc. 40). There is no other reason for plaintiff to file discovery documents with the Court.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to compel (Doc. 35) is **DENIED**.

2. Plaintiff's motions to file discovery (Docs. 40, 41) are **DENIED**.

Date: 9/8/2017                                         *s/Karen L. Litkovitz*
                                                        Karen L. Litkovitz
                                                        United States Magistrate Judge