## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CARLOS CLARK,<br>Plaintiff, | Case No. 1:16-cv-547 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| DANIEL BURKE, et al.,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

## I. Introduction

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF"), brings this pro se action under 42 U.S.C. § 1983 against defendants, Correctional Officers Daniel Burke and J. Ewen, alleging violations of his civil rights during his incarceration at the Warren Correctional Institution ("WCI"). (Doc. 3). Plaintiff was granted leave to amend the complaint to clarify the relief he is seeking.[1] (Doc. 14). The Court subsequently granted defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) as to plaintiff's (1) Eighth Amendment claim for deliberate indifference to his medical needs, and (2) Eighth Amendment claims against defendants in their official capacities. (Docs. 21, 22). The only claim remaining is plaintiff's Eighth Amendment claim for use of excessive force against defendants in their individual capacities. This matter is before the Court on defendants' motion for summary judgment on plaintiff's excessive force claim (Doc. 48), plaintiff's opposing memorandum (Doc. 50), and defendants' reply (Doc. 55). Defendants move for summary judgment under Fed. R. Civ. P. 56(a) on the grounds that (1) plaintiff failed to exhaust his administrative remedies as to that claim, and (2) defendants are

---

[1] Plaintiff filed a second motion to amend the complaint (Doc. 18), which the Court construed as a motion to supplement his response to defendants' motion to dismiss and not as an amended complaint. (Docs. 21, 22).

entitled to qualified immunity on the claim because plaintiff's complaint fails to state a claim for relief under the Eighth Amendment.

## II. Summary judgment standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but it is to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249; *Little Caesar Enterprises, Inc.*, 219 F.3d at 551. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). However, "[f]acts that are not blatantly contradicted

by [the evidence] remain entitled to an interpretation most favorable to the non-moving party." *Coble v. City of White House, Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of pro se litigants to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter his duty to support his factual assertions with admissible evidence. *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp.2d 846, 851-52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

## III. Facts

Plaintiff has not submitted an affidavit or other evidence in opposition to defendants' summary judgment motion. However, defendants do not appear to dispute the following facts alleged in the complaint: On December 19, 2015, defendants Burke and Ewen stopped plaintiff as he was returning to his unit from lunch because of a suspicious bulge under his shirt. (Doc. 3 at 5). Burke instructed plaintiff that he was going to frisk him. (*Id.*). Burke found six potatoes, a yellow bag of coffee, a bar of soap, an embossed envelope, and a USB cord under plaintiff's shirt. (*Id.*). Burke confiscated the items and informed plaintiff the potatoes were contraband, plaintiff would need to speak with a unit sergeant to have the USB cord returned, and plaintiff would need to produce a receipt for the rest of the items. (*Id.*). Officer Burke then gave plaintiff a direct order to return to his cell. (*Id.*). En route to his cell, plaintiff said, "Ya'll two on some

3

real bitch ass shit today." (*Id.*). Plaintiff alleges that Ewen ordered plaintiff to turn around and come to him, but plaintiff noticed Officer Burke had "O.C. spray" (oleoresin capsicum or pepper spray) in his hand. (*Id.*). Plaintiff ran from the officers while they began to pursue him and spray him with pepper spray several times. (*Id.*). Plaintiff alleges that Ewen "gain contact," and plaintiff swung a trash can at Ewen and then struck him with a closed fist. (*Id.*).

The parties' versions of the facts diverge at this point. Plaintiff alleges: "Immediately I was leveled with the ground, my head was slamed [sic] into the ground and then I was handcuffed when the C/O continued to spray my face with O.C. spray and kicked me several times in the face as well." (*Id.* at 5-6). Plaintiff yelled at the officers to stop and "that it hurt," at which point they lifted plaintiff up and "began towards medical." (*Id.* at 6). Defendants offer a differing version of the facts and supporting documentation which includes WCI Use of Force documentation of the incident (Doc. 48, Exh. B, pp. 4-5, 8, 9); the Incident Reports of WCI corrections officers Justin Holdren, Jon Ledford, James Jones II, and Jerry Gault, all of whom responded to the incident (*Id.*, Exh. E, pp. 3, 6, 9, 12); and these responding officers' declarations (*Id.*, Exh. E, pp. 1-2, 4-5, 7-8, 10-11). According to this documentation and the officers' statements, defendant Burke deployed O.C. spray before plaintiff assaulted defendant Ewen. (*Id.*, Exh. B, p. 9). After plaintiff punched him, Ewen employed a balance displacement technique which took plaintiff to the ground. (*Id.*, pp. 8-9). Plaintiff resisted attempts to handcuff him and kicked his legs, so that defendants and the other officers had to physically hold plaintiff down as he was thrashing in order to handcuff him and restore security. (*Id.*, pp. 5, 8-9; Exh. E, pp. 1, 4-5, 7, 10). No officer punched or kicked plaintiff at any time and no officer sprayed O.C. spray at plaintiff after he was handcuffed. (*Id.*, pp. 1-2, 5, 7-8, 11). Plaintiff pled guilty to several rules infractions before the Rules Infraction Board and was found guilty of those

4

rules violations. (Doc. 3, Attachments). Plaintiff also pled guilty to one count of assault in connection with the incident and was convicted on this count in the Warren County, Ohio Court of Common Pleas. (*Id.*, Exh. D).

Defendants have offered photographic evidence to show that Ewen suffered lacerations and two swollen black eyes as a result of plaintiff's punch to his face and plaintiff suffered a swollen and bruised right eye as a result of the altercation.[2] (Doc. 48 at 5, citing Exhs. F, G). Plaintiff alleges he suffered "a bloody nose," a "bloody mouth," and "swollen, and blood shot red" eyes. (Doc. 3 at 6). However, plaintiff has offered no evidence to corroborate these alleged injuries.

## IV. Defendants are entitled to summary judgment on exhaustion grounds

Defendants contend that they are entitled to summary judgment on plaintiff's remaining Eighth Amendment claim because plaintiff failed to exhaust his administrative remedies before filing suit. Exhaustion of administrative remedies "is mandatory under the [Prison Litigation Reform Act ("PLRA")] and . . . unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle,* 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532.

---

[2] Defendants have also submitted two CDs containing video surveillance footage which they acknowledge is of low quality, but the undersigned has not considered the video evidence in connection with this Report and Recommendation. (*See* Doc. 48, Exh. C).

"A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA.'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones*, 549 U.S. at 216). "[T]he failure to exhaust 'must be established by the defendants.'" *Id.* (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)). Thus, defendants bear the burden of proof on exhaustion. *Id.*

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To properly exhaust a claim, a prisoner must take advantage "of each step the prison holds out for resolving the claim internally" and follow the "'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines. . . ." *Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006)).

The procedure established for resolving inmate complaints in Ohio, codified in Ohio Admin. Code § 5120-9-31, involves a three-step process. First, the inmate is required to file an informal complaint with the direct supervisor of the staff member within 14 days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(K)(1). Second, if the inmate is unsatisfied with the response to his informal complaint he may file a formal grievance with the inspector of institutional services at his institution of confinement. Ohio Admin. Code § 5120-9-31(K)(2). The inspector of institutional services is required to provide a written response to the

inmate's grievance within 14 calendar days of receipt of the grievance. *Id.* If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal to the office of chief inspector of the Ohio Department of Rehabilitation and Correction ("ODRC") within 14 days of the disposition of the formal grievance. Ohio Admin. Code § 5120-9-31(K)(3).

Defendants argue that they are entitled to summary judgment as a matter of law because plaintiff did not exhaust the inmate grievance procedure before he filed this lawsuit. (Doc. 48 at 11). Defendants contend plaintiff did not complete any of the three steps of the Ohio inmate grievance procedure before filing his complaint in federal court; instead, he did nothing. As evidence that plaintiff failed to exhaust his administrative remedies, defendants have submitted the Declaration of Eugene Hunyadi, an Assistant Chief Inspector with the ODRC. (Doc. 48, Exh. 1). Mr. Hunyadi states that as part of his job duties, he handles inmate appeals under Ohio Admin. Code § 5120-9-31 as well as direct grievances filed to the Office of the Chief Inspector under § 5120-9-30. (*Id.*, ¶ 2). Mr. Hunyadi asserts that he reviewed grievance records regarding plaintiff; plaintiff filed only one informal complaint resolution during the period January 29, 2015 through August 8, 2016, which was related to a medical co-pay; and plaintiff did not proceed to the second or third steps of the grievance process for that grievance. (*Id.*, ¶ 8). Mr. Hunyadi has attached a copy of plaintiff's institutional grievance summary to his affidavit, which reflects that plaintiff filed one grievance on August 12, 2015, which was related to a medical co-pay. (*Id.*, ¶ 9; *Id.*, Attachment).

Plaintiff does not dispute that he failed to exhaust his administrative remedies for his excessive force claim against defendants Burke and Ewen. (Doc. 50). Plaintiff simply alleges that "[a]lthough [he] was blinded in one eye, mentally destrought [sic] and pain stricken for a

while, the administrative remedies are still being completed and due to the scenerio [sic], after the brutal attack, one could not have been expected to exhaust remedies under such circumstances." (*Id*. at 1). Plaintiff alleges that he "would not be expected in such peril and mental anguish as an [sic] mentally-ill inmate to have been able to file a grievance within fourteen days," and he was still "finishing the grievance process [and] should be finished [in] approximately sixty-nine days." (*Id*. at 4).

The record shows there is no dispute that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Plaintiff's allegation that he was in the process of completing the grievance procedure as of the date he filed his response to defendants' summary judgment motion is immaterial. Exhaustion cannot be completed after a federal complaint has been filed. *Hopkins v. Ohio Dep't of Corr.*, 84 F. App'x 526, 527 (6th Cir. 2003) (citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)). Thus, even accepting plaintiff's unsupported representation as true, plaintiff's excessive force claim against defendants Burke and Ewen must be dismissed.

Defendants argue that dismissal of the case should be with prejudice because plaintiff cannot retroactively comply with the timeliness requirement of Ohio's inmate grievance procedure; therefore, it would be futile for plaintiff to refile his complaint. (Doc. 48 at 12, citing *Avendano v. B.O.P. Dir.*, No. 4:12CV3045, 2013 WL 2209450, at *9 (N.D. Ohio May 20, 2013) (dismissal of the plaintiff's complaint with prejudice was warranted because the plaintiff could not "remedy his failure to comply with the [prison's] policies and procedures which govern the proper exhaustion of his administrative remedies," and it would therefore be futile for the plaintiff to refile his complaint); *Aguirre v. Corrections Corp. of Am.*, No. 4:08-CV-2365, 2009 WL 2423702, at *7 (N.D. Ohio Aug. 3, 2009) (complaint dismissed with prejudice "[g]iven the

circumstances underlying" the case where the plaintiff did not properly follow the prison's grievance process, of which he was obviously aware)). However, both the Sixth Circuit and this District Court have found that "if a claim is dismissed on the procedural ground of failing to exhaust under the PLRA, the dismissal is without prejudice." *Payne v. Gifford*, No. 1:16-CV-514, 2017 WL 4329631, at \*6 (S.D. Ohio Sept. 5, 2017) (Report and Recommendation) (Bowman, M.J.) (citing *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004) ("A dismissal under § 1997e should be without prejudice.")), *adopted,* 2017 WL 4310543 (S.D. Ohio Sept. 28, 2017) (Barrett, J.). Defendants have failed to show why the Court should not follow *Payne* and the guidance provided in *Boyd*, under which dismissal of plaintiff's excessive force claim against Burke and Ewen should be without prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (Doc. 48) be **GRANTED** and plaintiff's excessive force claim against defendants Burke and Ewen in their individual capacities be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

2. Plaintiff's motion for the District Judge to reconsider the undersigned's Order denying plaintiff's motion for appointment of counsel (Doc. 42) be **DENIED** as moot.

3. Plaintiff's "Motion for Relief for Mistake" (Doc. 47) be **DENIED** as moot.

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 5/4/18

Karen L. Litkovitz
United States Magistrate Judge

CARLOS CLARK,
Plaintiff,

vs.

DANIEL BURKE, et al.,
Defendants.

Case No. 1:16-cv-547

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).